# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **EDDIE LANG** | **CIVIL ACTION NO. 3:13-cv-2263** |
| **LA. DOC #350454** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se petitioner Eddie Lang, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus (28 U.S.C. §2254) on July 8, 2013. Petitioner attacks his 2006 second degree murder conviction and the life sentence thereafter imposed by the Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was found guilty of second degree murder on April 21, 2006; on July 11, 2006, the mandatory sentence of life without benefit of parole was imposed. [Doc. 1, ¶1-7] He appealed his conviction to the Second Circuit Court of Appeals raising claims of insufficiency of the evidence, juror misconduct and ineffective assistance of counsel. On May 30, 2007, his conviction was affirmed. *State of Louisiana v. Eddie Lang*, 42,125 (La. App. 2 Cir. 5/30/2007), 960 So.2d 318.  His application for writs was denied by Louisiana's Supreme Court on January

11, 2008. *State of Louisiana v. Eddie Lang*, 2007-1469 (La. 1/11/2008), 972 So.2d 1161. He did

not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

On January 4, 2010, he filed a *pro se* application for post-conviction relief in the Fourth

Judicial District Court.[1]  He raised four claims for relief: (1) failure of the trial court to advise

petitioner of his right to conflict-free representation; (2) failure of the trial court to conduct an

adequate inquiry into possible conflict of interest after having been alerted to same; (3) conflict

of interest based upon defense counsel's friendship with a member of the victim's family; and (4)

ineffective assistance of counsel regarding the jury venire. The application was denied on May

11, 2010. [Doc. 1, ¶11(a); Doc. 1-3, pp. 9-10] In denying relief, the trial court made the following

observations:

> Petitioner's first three claims deal with an alleged conflict of interest pertaining to Petitioner's appointed counsel. This matter was brought to the attention of the Court on Oral Motion by Petitioner. After consulting with defense counsel, this Court determined that no conflict existed and that counsel would be able to proceed without prejudicing Petitioner's rights. Petitioner abandoned this argument on March 21, 2006 and the case proceeded to trial. As the issues implicated in Petitioner's first three claims were previously addressed by the Court, and ultimately abandoned by Petitioner, they are without merit. Accordingly, claims 1, 2 and 3 of Petitioner's application are therefore DENIED.
>
> Petitioner's fourth claim deals with a prejudicial remark from a prospective juror made in the presence of other prospective jurors. Prior to trial, this Court addressed the matter. The claim was subsequently brought on appeal to the Second Circuit, and eventually denied. Pursuant to La. C.Cr.P. art. 930.4(A) this claim, having been fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence, is procedurally barred, and is thus denied.

---

[1] Petitioner apparently filed a *pro se* "Petition for Post-Conviction Relief" on January 4, 2010. The District Court ordered the petitioner to utilize the Uniform Application for Post-Conviction Relief as required by La. C.Cr.P. art. 926(D) and petitioner thereafter filed his corrected pleading on February 26, 2010. [Doc. 1-3, pp. 9-10] For the purposes of this Report, January 4, 2010 should be considered the date that petitioner filed his application for post-conviction relief.

[Doc. 1-3, pp. 9-10]

Petitioner sought further review in the Second Circuit Court of Appeals raising the post-conviction claims noted above, along with an additional claim of ineffective assistance of appellate counsel. His writ application was denied by the Second Circuit Court of Appeal on August 12, 2010.  The Court denied relief noting, "Regarding the claims of his constitutional right to conflict-free counsel, applicant has failed to meet his burden of stating a factual basis with reasonable particularity upon which relief would be warranted. Regarding his claims of juror misconduct and ineffective assistance of trial counsel in relation thereto, the trial court correctly concluded that this matter was fully litigated on appeal and should not be considered pursuant to a post-conviction relief application. Lastly, regarding the applicant's claim of ineffective assistance of appellate counsel, we note that this claim is new and was not ruled on by the district court. Accordingly, this Court's supervisory jurisdiction cannot be invoked for review of same." [Doc. 1, ¶12(d)(6); *State of Louisiana v. Eddie Lang*, No. 45,823-KH at Doc. 1-3, p.11]

Thereafter his writ application was denied by the Louisiana Supreme Court, without comment, on September 23, 2011. *State of Louisiana ex rel. Eddie Lang v. State of Louisiana*, 2010-2088 (La. 9/23/2011), 70 So.3d 806. [See also Doc. 1-3, p. 13]

On March 18, 2013, he filed a second application for post-conviction relief in the Fourth Judicial District Court.  This application was denied as repetitive on April 19, 2013.  He apparently did not seek further review of the denial of his second application for post-conviction relief. [Doc. 1, ¶11(b)]

The instant petition, dated July 3, 2013, was received by the prison Legal Programs Department on July 8, 2013, and filed on that same date. [Doc. 1, p. 22] Petitioner argues the following claims: (1) Petitioner is in custody in violation of his Sixth and Fourteenth Amendment rights to (a) effective trial counsel and (b) conflict-free trial counsel.

### *Law and Analysis*

#### *1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.

---

[2] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(C), or (D).  Petitioner does not claim the recent discovery of the factual basis for his claim; nor does he allege new and retroactively applicable Supreme Court jurisprudence.  He does, however, suggest that he is entitled to the benefits of tolling pursuant to §2244(d)(1)(B) because a state-created impediment prevented him from timely filing his petition.  That claim is examined in Part 2 below.

1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence were affirmed by the Second Circuit Court of appeals on May 30, 2007. *State of Louisiana v. Eddie Lang*, 42,125 (La. App. 2 Cir. 5/30/2007), 960 So.2d 318.  His application for writs was denied by Louisiana's Supreme Court on January 11, 2008. *State of Louisiana v. Eddie Lang*, 2007-1469 (La. 1/11/2008), 972 So.2d 1161. He did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)] Assuming  that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ...  [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about April 11, 2008, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13;  *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.)  Since petitioner's judgment of conviction became final for AEDPA purposes on April 11, 2008,  petitioner had one year, or until April 11, 2009, to file his federal *habeas corpus* suit.

Petitioner cannot rely upon the statutory tolling provision of §2244(d)(2) because he did not file his first application for post-conviction relief until On January 4, 2010 [Doc. 1, ¶11(a); Doc. 1-3, pp. 9-10], and by that time the limitations period had already expired and could not be revived by the otherwise timely filed application for post-conviction relief.

5

### 2. Limitations Reckoned Pursuant to Section 2244(d)(1)(B)

Petitioner has conceded that his petition is time-barred if limitations is calculated as provided in §2244(d)(1)(A). [See Doc. 1-2, p. 1, "... Petitioner's habeas suit would appear to be time barred ... for failing to comply with the AEDPA requirements under 28 U.S.C.A. §2244, to file his habeas suit within one-year of the date that his state court conviction became final under federal law."] He contends, however, that "... his case falls squarely under one of the equitable exceptions outlined under 28 U.S.C.A. §2244(d)(1)(B)..." [*Id.*]

Section 2244(d)(1)(B), relied upon by petitioner,  reckons the one-year limitations period for filing writs of habeas corpus from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..."  In essence, petitioner maintains that Louisiana's failure to provide competent inmate counsel amounted to State action which prevented him from timely filing his federal habeas petition.  Petitioner's argument is foreclosed by the Supreme Court's decision in *Lawrence v. Florida*, 549 U.S. at 337, 127 S.Ct. 1079. Furthermore, the United States Supreme Court has not recognized a Constitutionally guaranteed right to post-conviction counsel.  *See Martinez v. Ryan*, ——U.S. ——, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012); see also *Lawrence*, 549 U.S. at 337, 127 S.Ct. 1079  "a state's effort to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay." Petitioner has failed to demonstrate that the State of Louisiana  prevented him from either hiring his own post-conviction counsel or from representing himself.  *Id.*  In short, accepting as true all of petitioner's allegations concerning the inadequacies of inmate counsel at the Louisiana State Penitentiary, the State of Louisiana did not prevent him from filing his

petition for post-conviction relief before AEDPA's one-year statute of limitations ran. *Compare Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012).

Finally, even if it is assumed that the alleged incompetence of inmate-counsel was an impediment to filing attributable to the State, petitioner would still not be entitled to statutory tolling pursuant to Section 2244(d)(1)(B).  Petitioner claims that the "impediment" was not removed until his chance meeting with inmate George Tokman in March 2013.  According to Tokman, however, petitioner was aware of the State limitations period prior to the time he filed his first application for post-conviction relief

### 3. Equitable Tolling

Lawrence, 549 U.S. at 337, 127 S.Ct. 1079 Petitioner has not demonstrated that he is entitled to the benefits of statutory tolling pursuant to §2244(d).  Therefore, in order for his petition to remain viable, he must demonstrate that he is entitled to the benefits of equitable tolling.

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

8

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, September 5, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE